MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose J. Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. Thomas Bell, et al.,<br><br>Defendants. | No. CV 13-00163-PHX-FJM (MHB)<br><br>**ORDER** |

On January 24, 2013, Plaintiff Jose J. Rodriguez, who is confined in the Arizona State Prison Complex-Phoenix in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion to Appoint Counsel. In a February 15, 2013 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On March 18, 2013, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a June 28, 2013 Order, the Court granted the second Application to Proceed, dismissed the Complaint because Plaintiff had failed to state a claim, and denied without prejudice the Motion to Appoint Counsel. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 22, 2013, Plaintiff filed a Motion for Additional Time to File Amended Complaint (Doc. 11). On August 22, 2013, he filed his First Amended Complaint (Doc. 13). The Court, in its discretion, will grant the Motion for Additional Time and

JDDL-K

will consider the First Amended Complaint timely filed. The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The

Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because the First Amended Complaint may possibly be saved by amendment, will dismiss the First Amended Complaint with leave to amend.

## II.     First Amended Complaint

In his two-count First Amended Complaint, Plaintiff names as Defendants Arizona Department of Corrections Director Charles Ryan and Dr. Thomas Bell. In both counts, Plaintiff alleges violations of his Eighth Amendment rights regarding medical care and claims that as a result of Defendants actions or inactions, he has constant pain, nerve damage, problems standing for any length of time, and may possibly have permanent injuries. In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his attorney's fees and costs.

In **Count One**, Plaintiff sues Defendant Ryan "in his official capacity." Plaintiff alleges that Defendant Ryan is responsible for establishing and enforcing policies and practices for providing constitutionally adequate medical care for inmates. Plaintiff asserts that Defendant Ryan "promises Plaintiff through written policies to provide sufficient resources to provide the 'community standard of health care,' but fall[s] far below that measure." He claims that Defendant Ryan is well aware of severe system-wide deficiencies that have caused Plaintiff significant harm, yet has failed to take reasonable measures to abate the impermissible risk of harm. He also contends that Defendant Ryan has "ignored repeated warnings of the inadequacies and dangerous conditions involving the health care system." Plaintiff asserts that Defendant Ryan is deliberately indifferent because Plaintiff is still unable to receive tangible relief for his serious medical needs despite Defendant Ryan having "answered [in 2009] several concerns by medical professionals throughout the prison system[] that [the Arizona

1  Department of Corrections] was not providing the standard of care guaranteed by the
2  Arizona Constitution, the U.S. Constitution, and the department's own policies" and
3  despite a lawsuit having been filed against him in 2012.[1]

4  Plaintiff states that he has severe vertebrae damage that causes severe pain, but he has been denied any type of relief and has only been told that his pain will eventually subside and go away. Plaintiff asserts that he filed a grievance regarding the issue and Defendant Ryan acted with deliberate indifference and ignored Plaintiff's serious medical problems. Plaintiff claims that in response to the grievance, Defendant Ryan stated that the issue had been previously and recently addressed in a response to a different grievance appeal and that Plaintiff should refrain from repeatedly grieving issues that have been previously addressed. Plaintiff contends that he never received the response regarding the other grievance appeal and asserts that his problems are not being appropriately addressed. Plaintiff also asserts that he "has had no relief to the deliberate indifference to his left knee that he has had surgery on, as well. And no relief to his right shoulder. No medication for pain."

In **Count Two**, Plaintiff asserts that Defendant Bell is the acting physician on the unit where Plaintiff was confined when he filed his lawsuit and is responsible for "the overall health care of inmates on that unit." Plaintiff contends that Defendant Bell is aware of Plaintiff's back, knee, and shoulder problems because Plaintiff's medical records indicate that Plaintiff has had surgeries on his back and knee and because Plaintiff has been given limited duty and lower-tier/lower-bunk special needs orders due to these problems. Plaintiff states that he sought medical care for vertebrae damage in his back, tendon damage in his knee, and possible damage to his rotator cuff, but Defendant Bell repeatedly told Plaintiff that the pain will "go away and subside, eventually." Plaintiff asserts that Defendant Bell has acted with deliberate indifference because he has

---

[1] Plaintiff states that the lawsuit was filed on March 22, 2012, by the Arizona Center for Disability Law and the American Civil Liberties Union Foundation of Arizona. Presumably, Plaintiff is referring to the class action lawsuit, *Parson v. Ryan*, 12-CV-601-PHX-NVW (D. Ariz.).

failed to order even the most rudimentary tests to determine what may be causing the inflammation in Plaintiff's back and knee, has ignored the fact that Plaintiff is rapidly losing his range of motion in his shoulder, and has failed to prescribe any pain medication to alleviate Plaintiff's severe pain. Plaintiff also asserts that Defendant Bell has told Plaintiff that "we have done all we can for you" and to "give it time to heal and you'll be al[]right."

### III.    Failure to State a Claim

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

### A.    Count One

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).[2] Plaintiff specifically states that he is suing Defendant Ryan "in his official capacity."

Plaintiff **cannot** maintain a lawsuit against Defendant Ryan in his official capacity for damages. "State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). *See also Gilbreath v. Cutter Biological,*

---

[2] "By contrast, state officials sued in their *personal capacity* come to court as individuals." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (emphasis added). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original).

1    *Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted).

Plaintiff **may** maintain a lawsuit against Defendant Ryan in his official capacity for prospective injunctive relief. *See Will*, 491 U.S. at 71, n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Graham,* 473 U.S. at 167, n.14); *see also Flint v. Dennison*, 488 F.3d. 816, 825 (9th Cir. 2007) ("[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity."). Plaintiff seeks prospective injunctive relief—to have his medical issues treated "appropriately and timely."[3]

"Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law.'" *Hafer*, 502 U.S. at 25 (quoting *Graham*, 473 U.S. at 166). *See also Los Angeles County v. Humphries*, ___ U.S. ___, ___, 131 S. Ct. 447, 453-54 (2010) (the "'policy or custom' requirement [in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)] applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective."). A plaintiff must allege, as a matter of law, that the policy or custom caused him to suffer constitutional injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006). To impose liability based on a policy of deliberate inaction, a plaintiff must demonstrate that the policy of inaction amounted to deliberate indifference to the plaintiff's constitutional rights and that the

---

[3] Because Plaintiff is seeking injunctive relief regarding his individual medical care, rather than systemic reform, the Court can consider his claim; Plaintiff's requested relief does not appear to be duplicative of that sought in the class action lawsuit in *Parson v. Ryan*, 12-CV-601-PHX-NVW (D. Ariz.). *Cf. Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) ("[W]here a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, [the class action lawsuit seeking systemic reform of medical care in the California prisons] does not bar the prisoner's claim for injunctive relief.").

1 policy was a moving force behind the violation of the plaintiff's constitutional rights. *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). The policy must be more than mere negligence and must constitute a "conscious or deliberate choice among various alternatives." *Id.*

Plaintiff's allegations are insufficient to state an official capacity claim for prospective injunctive relief against Defendant Ryan. Plaintiff asserts that Defendant Ryan has a policy of providing a community standard of healthcare. That policy in and of itself did not cause a constitutional violation and Plaintiff does not explain, other than making vague and conclusory allegations, how the policy was deficient. In addition, Plaintiff specifically alleges that Defendant Ryan attempted to address concerns by medical professionals that the provision of medical care was inadequate. Thus, to the extent Plaintiff may be asserting that there was a policy of deliberate inaction, Plaintiff also fails to state a claim.

Because Plaintiff cannot maintain an official capacity claim for damages against Defendant Ryan and because Plaintiff has failed to state an official capacity claim for prospective injunctive relief against Defendant Ryan, the Court will dismiss without prejudice Count One and Defendant Ryan.

### B. Count Two

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must

1  both know of and disregard an excessive risk to inmate health; "the official must both be
2  aware of facts from which the inference could be drawn that a substantial risk of serious
3  harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,
4  837 (1994). Deliberate indifference in the medical context may be shown by a
5  purposeful act or failure to respond to a prisoner's pain or possible medical need and
6  harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may
7  also be shown when a prison official intentionally denies, delays, or interferes with
8  medical treatment or by the way prison doctors respond to the prisoner's medical needs.
9  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

10  Deliberate indifference is a higher standard than negligence or lack of ordinary
11  due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor
12  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of
13  Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter
14  Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
15  "medical malpractice" do not support a claim under § 1983). "A difference of opinion
16  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
17  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care,
18  without more, is insufficient to state a claim against prison officials for deliberate
19  indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
20  (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of
21  "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

22  Plaintiff's allegations in Count Two are insufficient to state a claim of deliberate
23  indifference by Defendant Bell. First, it is unclear whether Defendant Bell was
24  responsible for providing medical care to Plaintiff or whether he was acting in an
25  administrative role. Second, Plaintiff's allegations at best support a claim of negligence
26  or medical malpractice or a difference of opinion between Plaintiff and Defendant Bell
27  regarding the need for tests or treatment. Neither is sufficient to state a claim of
28

JDDL-K

- 8 -

deliberate indifference. Thus, the Court will dismiss without prejudice Count Two and Defendant Bell.

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) Plaintiff's Motion for Additional Time to File Amended Complaint (Doc. 11) is **granted**. The Court will consider Plaintiff's First Amended Complaint timely filed.

(2) The First Amended Complaint (Doc. 13) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 29th day of October, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge